### 9286

### WILLIAMS, AS ADMR., v. GREENVILLE, SPARTANBURG & ANDERSON RY. CO.

#### (88 S. E. 131.)

RAILROADS. PERSONS ON TRACKS. LICENSEES. CHARGE. ISSUES. PROXIMATE CAUSE. DAMAGES. APPEAL AND ERROR.

1. APPEAL AND ERROR—DAMAGES.—Where a verdict for only actual damages is rendered, the refusal to direct a verdict for defendant on cause of action for punitive damages is not assignable as error.

2. ISSUES.—Where there is testimony tending to prove the allegations of plaintiff's complaint motion to direct verdict for defendant is properly refused.

3. ISSUES—PROXIMATE CAUSE.—Where the testimony tends to prove negligence on the part of both plaintiff and defendant, but more than one inference may be drawn therefrom as to the proximate cause of the injury, these issues are for the jury.

4. TRIAL—INSTRUCTIONS—CURE OF ERROR.—Although a portion of the charge, to the effect that if persons were accustomed to cross defendant's track at the place where deceased was killed he was a licensee, when taken alone appears to be on the facts, it is not error, if, when considered with the whole charge, it is not susceptible of that meaning.

Before MEMMINGER, J., Greenville, September, 1915. Affirmed.

Action by Myra Williams, as administratrix of estate of Brown Williams, deceased, against Greenville, Spartanburg & Anderson Railroad Company. From judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

At the request of defendant, the trial Judge charged:

" 'The plaintiff'—that is, Myra Williams—'alleges that the public has been in the habit of using this track as a walkway with the knowledge of the defendant; but I charge you that the public could not acquire by prescription the right to use the right of way of the railway company in a manner inconsistent with the company's right to use it.'

To which I will add, gentlemen, but by acquiescence in the use the railroad assumes the duty of exercising due care to a person walking upon the track, and such person becomes a licensee, not a mere trespasser, if it is shown that the railroad has acquiesced in the use, as I will explain to you hereafter.

'2. Persons who use a railway track as a walkway without a license to. do so are trespassers; and those in charge of the cars owe them no duty except not to injure them wilfully or wantonly. If, therefore, you should conclude that the deceased was a trespasser, then, even though you should conclude that the defendant was negligent, your verdict must be for the defendant unless you are satisfied from the testimony that the defendant acted maliciously, wilfully or recklessly.' Which I will explain to you later.

'3. If you should conclude that the deceased was upon the railway track by the invitation of the defendant, either express or implied, then it would be incumbent upon the defendant to exercise reasonable care to avoid injuring him. The law does not require that the defendant in such case should exercise the highest degree of care, but only rea-

sonable care.   And if the deceased came to his death under circumstances involving no negligence on the part of the defendant, then you cannot find against the defendant.'

'4. While it is the duty of the motorman to exercise ordinary care to avoid injuring persons on its track at the invitation, express or implied, of the company, it is as much the duty of such persons to exercise reasonable prudence to avoid being injured.   So if you should conclude that the deceased went upon the railway in a drunken stupor, or went to sleep thereon, and that such acts amounted to negligence contributing as a proximate cause to his injury, then your verdict should be for the defendant, even though you should conclude that the defendant were negligent in the matter.'

To which I must add: Except in case of wilfulness, wantonness or recklessness as to which contributory negligence is no defense, as I will explain to you generally.

And after finishing the requests, added:

Now, you have heard the complaint read in which all the different charges of negligence are set out, and you will have that complaint in the jury room to read over and see in detail exactly what it is.   You heard counsel state that one of the charges he makes is an excessive rate of speed, but that he did not have any evidence on that point and therefore abandons it.   So, therefore, you will find that not made out and not insisted upon.   Then the other charge, the substance of which is not that this railway had a defective light or an insufficient light on its car, but that it had a good light and a light which carried a great distance down the track; and that there was a failure on the part of those operating the railroad to make the proper use of that light and to observe the man upon the track and take precaution for his safety and not to run over him.

Now then, the case, gentlemen, is predicated upon that charge, one of the main charges of negligence against them, together with the others, which are all embodied, arising

out of that alleged failure of duty on their part. Now, you have to say from the greater weight of the evidence has that been proved; and that, of course, will involve the inquiry as to what if any duty they owed toward this man who is charged to have been killed as a proximate result of their failure to carry out their duty. Well, gentlemen, one who is upon a railroad track without any leave or license whatsoever, express or implied, from the railroad, what is known as a trespasser, they owe him absolutely no duty whatever, except not to kill him wilfully, not to run over him wilfully; but as to one who is there as a licensee they owe him a duty to exercise ordinary care. Now, gentlemen, where people have been accustomed in a general way, where the evidence shows that the general public in a certain locality have been accustomed to use the railroad track as a general walkway without interference by the railroad company, without being prohibited or hindered from doing so by the railroad company, they don't acquire a right to go on there, but they do acquire what is known as a license to be on there, implied by the fact that the railroad company does not prevent them from going on there; and if it be so, that the evidence shows that they have gone upon the track and have been going upon there continuously, then you see, gentlemen, the idea is that the railroad, having acquiesced in, and the idea is that it having apparently assented to and agreed to their going on there, by no interference from the railroad company, thereby assumed an obligation to persons so using the track in that way, and that obligation is to exercise ordinary care for the safety of such persons."

*Messrs. Haynsworth & Haynsworth,* for appellant, cite: *As to licensees:* 93 S. C. 329; 90 S. C. 262. *As to lookout:* 92 S. C. 169; 90 S. C. 262. *Effort to comply with duty:* 73 S. C. 520; 77 S. C. 148. *Proximate cause:* 97 S. C. 61; 93 S. C. 49. *Charge:* 93 S. C. 329; 90 S. C. 262 and 331.

*Messrs. J.RobertMartin* and *John C.Henry,* for respondent, cite: *As to issues for jury:* 94 S. C. 309; 65 S. C. 44; 97 S. C. 61; 93 S. C. 25; 70 S. C. 194; 93 S. C. 329 and 341.

February 29, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages, alleged to have been sustained, through the negligence and recklessness of the defendant, in causing the death of plaintiff's intestate.

The complaint in the fourth paragraph thereof alleges:

"That on the 23d of May, 1914, at night, one of the defendant's electric interurban cars, running late and rapidly leaving the town of Piedmont, South Carolina, and near the northern yard limit of said station, ran down and collided with plaintiff's deceased, Brown Williams, who was returning to his home from the town of Piedmont, in the most direct route on foot, and using the roadbed of the defendant, G., S. & A. Railway Company, as was the custom which was known and acquiesced in by the said defendant, since the establishment of its road, said collision taking place at a point upon the defendant's said line of railway, which was intersected by a net work of paths and private crossings, and near a public crossing of the same, and in a thickly settled community, and where plaintiff's deceased could have been seen at a distance of from 200 to 300 yards, by the exercise of ordinary or proper care, the line being straight with no obstructions to interrupt the view of those operating said interurban cars, if agents of defendant had kept a lookout ahead, which the defendant's agents and servants negligently and recklessly failed to do, and negligently and recklessly failed to place car under control, after seeing plaintiff's deceased, and to give any signals and warning whatever of its approach; that from the injuries received by the negligent and reckless running

and management of said car the plaintiff died shortly thereafter."

The defendant, in its answer, denied all except the formal allegations of the complaint, and as a defense alleged:

"That the plaintiff's intestate negligently went upon defendant's right of way, and lay down upon defendant's track, and remained there in the face of an approaching car, which negligence on the part of plaintiff's intestate, contributed as a proximate cause of his injury and death."

The jury rendered a verdict in favor of the plaintiff for $2,500.00, actual damages, and the defendant appealed.

The first assignment of error, is, because his Honor, the presiding Judge, refused to direct a verdict for punitive damages on the ground that there was no testimony tending to show wilfulness or wantonness on the part of the defendant.

The fact that the jury rendered a verdict for actual damages alone, shows that this assignment of error cannot be sustained.

The next question for consideration is, whether there was error on the part of his Honor, the presiding Judge, in refusing to direct a verdict, on the ground that there was no testimony tending to show negligence, on the part of the defendant, operating as a proximate cause of the injury.

This exception must be overruled, for the reason that there was testimony tending to prove the said allegations of the plaintiff's complaint. *Sentell* v. *Ry.,* 70 S. C. 183, 49 S. E. 215; *Wilson* v. *Ry.,* 93 S. C. 17, 75 S. E. 1014; *Carter* v. *Ry.,* 93 S. C. 329, 75 S. E. 972; *Tolleson* v. *Ry.,* 88 S. C. 7, 70 S. E. 311; *Kirkland* v. *Ry.,* 97 S. C. 61, 81 S. E. 306.

The next assignment of error is, that his Honor, the presiding Judge, refused to direct a verdict for the defendant, on the ground that the testimony was susceptible of no other reasonable inference, than that the deceased was guilty of contributory negligence.

There was testimony tending to prove negligence on the part of the defendant, and likewise, that the deceased was guilty of contributory negligence, from which testimony the jury might reasonably have drawn more than one inference, as to the proximate cause of the injury. These issues were, therefore, properly submitted to the jury.

The last exception assigns error, in that part of the charge therein set forth, in that the presiding Judge instructed the jury, that they must find that the deceased was a licensee if the public had been accustomed to use the railroad track as a general walkway, without interference by the defendant, on the ground that this was a charge on the facts.

When the charge is considered in its entirety, it will be seen that it is not susceptible of the interpretation for which the appellant contends.

Judgment affirmed.